BETTY JURADO

VERSUS

ELIZABETH PHILLIPS

NO. 23-CA-373

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 812-217, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING


March 28, 2024


**TIMOTHY S. MARCEL**
**JUDGE**


Panel composed of Judges Stephen J. Windhorst,
Scott U. Schlegel, and Timothy S. Marcel


**<u>AFFIRMED</u>**
   **TSM**
   **SJW**
   **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
BETTY JURADO
    Stephanie A. Fratello

COUNSEL FOR DEFENDANT/APPELLANT,
ELIZABETH PHILLIPS
    Evan J. Bergeron
    Samuel H. Winston
    Jeigh L. Britton

**MARCEL, J.**

In this case arising from damages caused by a dog bite, defendant Elizabeth Phillips appeals a final judgment of the trial court rendered in favor of plaintiff Betty Jurado. For the following reasons, we affirm the judgment of the trial court.

BACKGROUND

On March 31, 2020, at approximately 7:00 p.m., Dr. Phillips and her friend Brittanie Fowler were walking their three dogs on leashes on the sidewalk along Pink Street next to Ms. Jurado's fenced in yard. Dr. Phillips was walking her dog Coco, an approximately two year old terrier and American pit bull mixed breed. Ms. Jurado's dog, Avery, a German Shepard mixed breed, was at that time outside in Ms. Jurado's fenced in back yard. A brief altercation arose between Coco and Avery through a small opening in Ms. Jurado's fence. Coco bit Avery's snout. Ms. Jurado came outside to the site of the altercation and tried to pull Avery away. The dogs were separated. Ms. Jurado suffered a small laceration on her hand that required treatment at a nearby emergency room. Ms. Jurado testified that the injury led to multiple surgical interventions and caused residual functioning impairments to her finger.

Ms. Jurado filed a petition for damages wherein she claimed Coco bit her hand and caused her injuries. Dr. Phillips denied Coco bit plaintiff, and argued instead that Ms. Jurado's injury came from either a nail in the fence or a bite from Avery or Ms. Jurado's other dog, Sergeant. Dr. Phillips also alleged Ms. Jurado was negligent in maintaining her fence.

The case proceeded to a bench trial on the merits on August 9, 2022. Ms. Jurado testified on her own behalf and called two witnesses: her wife and her neighbor. Neither of the two witnesses observed the altercation between the dogs. Dr. Phillips testified on her behalf and called as a witness her friend Ms. Fowler who was walking the dogs with her at the time of the altercation. The witnesses to

the altercation offered differing testimony as to how it began, but there is no dispute that an altercation occurred between Coco and Avery through Ms. Jurado's fence. At the conclusion of the trial, the matter was held open so that the record could be supplemented with the testimony of Ms. Jurado's treating physician. This was ultimately never placed in the record.

Judgment was rendered on April 25, 2023 in favor of Ms. Jurado against Dr. Phillips in the amount of $44,095.90. The trial court found a causal relation between plaintiff's injuries and the fault of Dr. Phillips and her dog Coco. Ms. Jurado was awarded special damages amounting to $33,493.17 and general damages of $40,000.00. The court also found Ms. Jurado to be negligent and that her negligence contributed to damages. The court allocated 40% fault to Ms. Jurado and 60% fault to Dr. Phillips and applied these percentages to the damages award to reach the final award.

On appeal, Dr. Phillips argues that the trial court manifestly erred in finding that Coco bit Ms. Jurado and erred in finding that Coco presented an unreasonable risk of harm to Ms. Jurado. We consider these assignments of error in our discussion below.

DISCUSSION

The owner of an animal is answerable for the damage caused by the animal. La. C.C. art. 2321. The owner is answerable for the damage only upon a showing that she knew or, in the exercise of reasonable care, should have known that her animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that she failed to exercise such reasonable care. *Id*. Additionally, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog. *Id*. The Supreme Court has held that this strict liability standard for injuries

caused by dogs requires plaintiffs to show that the dog posed an unreasonable risk of harm. *Pepper v. Triplet*, 03-0619, (La. 1/21/04), 864 So.2d 181, 195. The process involved in deciding whether a risk is unreasonable is similar to that employed in determining whether a risk is unreasonable in a traditional negligence problem, and in deciding the scope of duty or legal cause under the duty risk analysis. *Id.*

A determination of negligence or fault is a factual determination. *Mann v. Louisiana-1 Gaming*, 21-83, (La. App. 5 Cir. 12/15/21), 334 So.3d 894, 898. Appellate courts review the findings of fact under the manifest error standard of review. *Id.* Setting aside a trial court's findings of fact requires a determination that the findings are clearly wrong in light of the record viewed in its entirety. *Id.* Thus, the issue before the appellate court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Jones v. Mkt. Basket Stores, Inc.*, 22-00841, (La. 3/17/23), 359 So.3d 452, 463.

The appellate court must not reweigh the evidence or substitute its own factual findings because it would have decided the case differently. *Id.* When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. *Rosell v. ESCO*, 549 So.2d 840, 845 (La.1989). Where the factfinder's determination is based on its decision to credit the testimony of one or two or more witnesses, that finding can virtually never be manifestly erroneous. *Id.*

As part of her assignments of error, defendant argues that there is no evidentiary support for the trial court's finding that Coco bit Ms. Jurado. Defendant also claims that the evidence is uncontested that Avery "provoked" Coco. We disagree with this characterization of the evidence. Ms. Jurado testified

3

that Coco bit her during the altercation between Coco and Avery.  Dr. Phillips provided evidence to the contrary, including her own testimony that Coco did not bite Ms. Jurado.

The trial court elected to credit Ms. Jurado's testimony over that of Dr. Phillips.  Similarly, the evidence regarding how the altercation between the dogs began is mixed.  Ms. Jurado admitted that she did not see the initiation of the altercation.  The trial court again evaluated the testimony of Dr. Phillips and her witness as to whether Avery "provoked" Coco and made a credibility determination.  Though the evidence presented is conflicting, the trial court drew a reasonable conclusion from that evidence that Coco was not provoked by Avery.

As for appellant's second assignment of error, it is unclear from the record whether the trial court made a specific finding that Coco presented an unreasonable risk of harm.  However, as noted above, such a finding is not required under the negligence provisions of La. C.C. art. 2321.  The trial court specifically found that Dr. Phillips (and Ms. Jurado) failed to exercise reasonable care in failing to control their dogs. The evidence in the record is sufficient to support the trial court's ruling under the negligence standard.

Upon review of the entire record, including the complete testimony of the multiple witnesses, we find no manifest error in the trial court's factual determinations.  Accordingly, the decision of the trial court is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 28, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-373

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
STEPHANIE A. FRATELLO (APPELLEE)          EVAN J. BERGERON (APPELLANT)          JEIGH L. BRITTON (APPELLANT)
SAMUEL H. WINSTON (APPELLANT)

**MAILED**
NO ATTORNEYS WERE MAILED